```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

THE MCGRAW-HILL COMPANIES, INC.,      :

                  Plaintiff,          :

        -against-                     :

SALLY LEWIS, THOMAS LEWIS AND         :
PELICAN BOOKSHOP, INC. ALL
D/B/A SPEEDY BOOKS USA! D/B/A         :
DISCOUNT BOOKS USA AND JOHN
DOE NOS. 1-5,                         :

                  Defendants.         :

- - - - - - - - - - - - - - - - - -x
```

JUDGE McKENNA

09 CV 3648

RECEIVED APR -9 2009 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by its undersigned attorneys, for its complaint against defendants Sally Lewis, Thomas Lewis and Pelican Bookshop, Inc. all d/b/a Speedy Books USA! d/b/a Discount Books USA and John Doe Nos. 1 through 5, aver:

### Nature of the Action

1. Plaintiffs are bringing this action to enforce their copyrights and trademarks against defendants' unlawful sale in the United States of non-United States versions of plaintiffs' educational books.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the first two claims in this action pursuant to 28 U.S.C.

§§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq., or the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the third claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.  Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## Parties

4.  McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

5.  Upon information and belief, defendant Sally Lewis is a natural person presently residing at 8823 Ivy Court, Davie, Florida 33328.

6.  Upon information and belief, defendant Thomas Lewis is a natural person presently residing at 8823 Ivy Court, Davie, Florida 33328.

7.  Upon information and belief, defendant Pelican Bookshop Inc. is a corporation organized and existing under the

laws of the State of Florida with its principle place of business at 10213 NW 53rd Street, Sunrise, Florida 33351.

8.  Upon information and belief, defendants John Doe Nos. 1-5 are associates of the named defendants whose identities are presently unknown to McGraw-Hill.

### The Business of McGraw-Hill

9.  McGraw-Hill publishes a variety of works, including educational books.

10.  As a standard practice, McGraw-Hill requires its authors to assign the copyright to it or grant it the exclusive rights of reproduction and distribution in the United States. This practice enables McGraw-Hill to maximize dissemination of each work.

11.  McGraw-Hill invests significant monies to publish its copyrighted works. McGraw-Hill, for example, makes substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

12.  McGraw-Hill earns a substantial portion of its revenue from the publication of its copyrighted works and would suffer serious financial injury if its copyrights were not enforced. A substantial decline in its income could cause McGraw-Hill to cease publishing one or more deserving books or

journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

13. McGraw-Hill's educational books authorized for sale in the United States are of the highest quality (the "United States Editions"). These books are generally printed with strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon bookmarks. McGraw-Hill frequently offers academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

14. Plaintiffs generally create different versions of their educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign Editions"). The Foreign Editions materially differ from the United States Editions. The Foreign Editions have thinner paper and different bindings, different cover and jacket designs, fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions. Also, the Foreign Editions often lack academic supplements, such as CD-ROMs, website passwords, or study guides. The Foreign Editions are generally marked to indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for

4

sale only in a particular country or geographic region. The Foreign Editions are uniformly manufactured outside of the United States.

### McGraw-Hill's Copyrights and Trademarks

15. McGraw-Hill routinely registers its copyrights. McGraw-Hill has generally registered its copyrights in its works (the "McGraw-Hill Copyrights") including those identified on Schedule A.

16. McGraw-Hill also owns, themselves or through their parent or affiliate companies, trademarks that it uses to differentiate its products from those of its competitors.

17. Among McGraw-Hill's well-known trademarks are "McGraw-Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks"). The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule B.

### The Infringing Acts of Defendants

18. Defendants have without permission purchased Foreign Editions of McGraw-Hill's books manufactured outside of the United States and resold them to purchasers in the United States through the Internet using the e-mail address speedybooks@bellsouth.net and discountbooks@bellsouth.net and usernames "Speedy Books USA!" and "Discount Books USA" at websites including, but not limited to, Abebooks.com and Biblio.com.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

19. McGraw-Hill repeats the averments contained in paragraphs 1 through 18 as if set forth in full.

20. McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

21. The McGraw-Hill Copyrights are valid and enforceable.

22. Defendants have infringed the McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

23. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage McGraw-Hill. McGraw-Hill has no adequate remedy at law for these wrongs and injuries. McGraw-Hill is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the McGraw-Hill Copyrights.

24. Defendants have willfully infringed the McGraw-Hill Copyrights.

25. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including

(1) defendants' profits, or (2) McGraw-Hill's damages, or alternatively (3) statutory damages.

## SECOND CLAIM FOR RELIEF
(Trademark Infringement – 15 U.S.C. § 1114(a))

26. McGraw-Hill repeats the averments contained in paragraphs 1 through 25 above as if set forth in full.

27. McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

28. The McGraw-Hill Trademarks are valid and enforceable.

29. Defendants have infringed the McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

30. Defendants' acts complained of herein have irreparably damaged McGraw-Hill and may continue to do so. The damage to McGraw-Hill includes harm to its good will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. McGraw-Hill is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the McGraw-Hill Trademarks or any colorable imitation of them.

31. Defendants have willfully infringed the McGraw-Hill Trademarks.

32. McGraw-Hill is entitled to recover (1) defendants' profits from the infringing books, (2) McGraw-Hill's damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition Under State Law)

33. Plaintiffs repeat the averments contained in paragraphs 1 through 32 above as if set forth in full.

34. Defendants' acts complained of herein have damaged and may continue to damage McGraw-Hill irreparably. The damage to McGraw-Hill includes harm to its good will and reputation in the marketplace for which money cannot compensate. McGraw-Hill has no adequate remedy at law for these wrongs and injuries. McGraw-Hill is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, McGraw-Hill demands judgment:

A. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B. Awarding McGraw-Hill its damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the McGraw-Hill Copyrights;

C. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D. Awarding McGraw-Hill its damages and/or defendants' profits from their willful infringement of the McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

E. Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

F. Awarding McGraw-Hill its costs in this action, including its reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

G. Awarding McGraw-Hill punitive damages in an amount to be determined by the trier of fact in this action; and

H. Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        April 9, 2009

                DUNNEGAN LLC

By  *[signature]*
   William Dunnegan (WD9316)
   wd@dunnegan.com
   Laura Scileppi (LS0114)
   ls@dunnegan.com
Attorneys for Plaintiff
   The McGraw-Hill Companies, Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Schedule A
"McGraw-Hill Copyrights"

<u>Title</u>     <u>Registration #</u>     <u>Date of Registration</u>

1. Sales Force Management (September 30, 2005) (TX0006250498)

2. VLSI Technology (July 19, 1988) ( TX0002356788)

3. Advanced Concepts in Operating Systems (November 4, 1993) (TX0003658872)

4. VHDL: Programming by Example (November 13, 2002) (TX0005608851)

5. Fundamentals of Cognitive Psychology (September 28, 2004) (TX0006037666)

6. Fundamentals of Finite Element Analysis  (October 14, 2003) ( TX0005824274)

Schedule B
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
| --- | --- | --- |
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |